# Exhibit 1

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

BRITTIANY TAYLOR STARR SPURGEON,
as Administrator of the Estate of
JAMES R. FOGG, Deceased
570 South 640 West
Cedar City, Utah 84720,

                Plaintiff,

vs.

CHARTER COMMUNICATIONS, INC.
a/k/a SPECTRUM
400 Atlantic Street
Stamford, Connecticut 06901,

NATIONAL GRID USA SERVICE COMPANY, INC.
40 Sylvan Road
Waltham, Massachusetts 02451,

EUSTIS CABLE ENTERPRISES LTD
355 East Street
Brookfield, Vermont 05036,

MOORE FIBER SOLUTIONS, LLP
131 McNally Road
Clinton, Maine 04927,

and

ROBERT EWEL, JR. and CAROL EWEL
3917 Block Road
Delevan, New York 14042,

                Defendants.

Index No.

Plaintiff designates Erie
County as the place of trial

The basis of venue is
defendant's place of
business

**SUMMONS**

Defendant has offices at
355 Chicago Street
Buffalo, New York

County of Erie

---

TO THE ABOVE NAMED DEFENDANTS:

      **YOU ARE HEREBY SUMMONED,** to answer the Complaint in this action

and to serve a copy of your Answer, or, if the Complaint is not served with this

Summons, to serve a Notice of Appearance, on the plaintiff's attorneys within

TWENTY (20) DAYS after the service of this Summons, exclusive of the day of

service (or within THIRTY (30) DAYS after the service is complete if this

Summons is not personally delivered to you within the State of New York); and

in case of your failure to appear or answer, judgment will be taken against you

by default for the relief demanded in the Complaint.

DATED:     Buffalo, New York
           March        , 2019

                              LIPSITZ GREEN SCIME CAMBRIA LLP


                              By: _____
                                   JAMES T. SCIME, ESQ.
                              Attorneys for Plaintiff
                              Office and P.O. Address
                              42 Delaware Avenue, Suite 120
                              Buffalo, New York 14202
                              (716) 849-1333
                              [JTS : #64803.0001]

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE
―――――――――――――――――――――――――――――

BRITTIANY TAYLOR STARR SPURGEON,
as Administrator of the Estate of
JAMES R. FOGG, Deceased
570 South 640 West
Cedar City, Utah 84720,

        Plaintiff,

vs.

CHARTER COMMUNICATIONS, INC.
a/k/a SPECTRUM
400 Atlantic Street
Stamford, Connecticut 06901,

NATIONAL GRID USA SERVICE COMPANY, INC.
40 Sylvan Road
Waltham, Massachusetts 02451,

EUSTIS CABLE ENTERPRISES LTD
355 East Street
Brookfield, Vermont 05036,

MOORE FIBER SOLUTIONS, LLP
131 McNally Road
Clinton, Maine 04927,

and

ROBERT EWEL, JR. and CAROL EWEL
3917 Block Road
Delevan, New York 14042,

        Defendants.

――――――――――――――――――――――――

**COMPLAINT**

Index No.

      Plaintiff, above named, by her attorneys, LIPSITZ GREEN SCIME CAMBRIA

LLP, for her Complaint against the defendants, alleges:

1

**AS AND FOR A FIRST CAUSE OF ACTION, AGAINST
THE DEFENDANTS, ABOVE NAMED, PLAINTIFF,
BRITTIANY TAYLOR STARR SPURGEON, ALLEGES:**

1. The plaintiff, BRITTIANY TAYLOR STARR SPURGEON, at all times herein mentioned, was and still is a resident of the Town of Cedar City located within the County of Iron and the State of Utah.

2. On or about the 24th day of September, 2018, the plaintiff, BRITTIANY TAYLOR STARR SPURGEON, was appointed Administrator of the Estate of JAMES R. FOGG, pursuant to an Order of the Surrogate's Court of the County of Erie and the State of New York, and Letters of Limited Administration of the Estate of JAMES R. FOGG were issued to the plaintiff, BRITTIANY TAYLOR STARR SPURGEON, and the said plaintiff thereupon duly qualified and thereafter acted and is still acting as such Administrator.

3. Upon information and belief, at all times herein mentioned, the defendant, CHARTER COMMUNICATIONS, INC. a/k/a SPECTRUM (hereinafter referred to as "CHARTER"), was and still is a foreign corporation authorized to do business within the State of New York.

4. Upon information and belief, at all times herein mentioned, the defendant, CHARTER, was and still is doing and transacting business within the State of New York.

5. Upon information and belief, at all times herein mentioned, the defendant, NATIONAL GRID USA SERVICE COMPANY, INC. (hereinafter referred

2

to as "NATIONAL GRID"), was and still is a foreign corporation authorized to do business within the State of New York.

6. Upon information and belief, at all times herein mentioned, the defendant, NATIONAL GRID, was and still is doing and transacting business within the State of New York.

7. Upon information and belief, at all times herein mentioned, the defendant, EUSTIS CABLE ENTERPRISES LTD (hereinafter referred to as "EUSTIS CABLE"), was and still is a foreign corporation authorized to do business within the State of New York.

8. Upon information and belief, at all times herein mentioned, the defendant, EUSTIS CABLE, was and still is doing and transacting business within the State of New York.

9. Upon information and belief, at all times herein mentioned, the defendant, MOORE FIBER SOLUTIONS, LLP (hereinafter referred to as "MOORE FIBER"), was and still is a foreign corporation not authorized to do business within the State of New York; jurisdiction over the defendant is asserted under New York Civil Practice Law and Rules § 302.

10. Upon information and belief, at all times herein mentioned, the defendants, ROBERT EWEL, JR. and CAROL EWEL, were and still are residents of the Town of Yorkshire, County of Cattaraugus and State of New York.

11. Upon information and belief, at all times herein mentioned, the defendants, ROBERT EWEL, JR. and CAROL EWEL, were the owners of certain

premises located at 3917 Block Road, within the Town of Yorkshire, County of Cattaraugus and State of New York.

12.    Upon information and belief, at all times herein mentioned, the defendant, NATIONAL GRID, was the owner of certain utility pole facilities located on Block Road in the Town of Yorkshire, County of Cattaraugus and State of New York.

13.    Upon information and belief, at all times herein mentioned, the defendant, CHARTER, was the owner/general contractor engaged in running cable television lines on the defendant, NATIONAL GRID's, utility poles located on Block Road in the Town of Yorkshire, County of Cattaraugus and State of New York.

14.    Upon information and belief, at all times herein mentioned, the defendant, EUSTIS CABLE, was the general contractor engaged in running cable television lines on the defendant, NATIONAL GRID's, utility poles located on Block Road in the Town of Yorkshire, County of Cattaraugus and State of New York.

15.    Upon information and belief, at all times herein mentioned, the defendant, MOORE FIBER, was a contractor engaged in running cable television lines on the defendant, NATIONAL GRID's, utility poles located on Block Road in the Town of Yorkshire, County of Cattaraugus and State of New York.

16.    Upon information and belief, on or about the 11th day of July, 2018, the plaintiff's decedent, JAMES R. FOGG, while employed as a lineman and

4

engaged in employment activities on the aforesaid National Grid utility poles located at 3917 Block Road, was caused to come into contact with a primary electric line, causing decedent to be shocked with high voltage.

17.    Upon information and belief, the aforesaid incident and resultant injuries were caused by the negligence, carelessness, recklessness and unlawful conduct on the part of the defendants, CHARTER, NATIONAL GRID, EUSTIS CABLE, MOORE FIBER, ROBERT EWEL, JR. and CAROL EWEL, by their agents, servants and/or employees, in the ownership of the utility poles/construction site and/or as general contractors and said negligence was exhibited in, among other things, in failing and omitting to ensure the decedent was provided with a safe and proper place in which to work, and in failing and omitting to comply with the applicable laws, rules, codes and regulations.

18.    Upon information and belief, as a result of the alleged incident hereinbefore described, the plaintiff's decedent, JAMES R. FOGG, sustained severe bodily injuries which ultimately led to his death on the 11th day of July, 2018, and plaintiff's decedent, prior to his death, sustained great pain and suffering and physical anguish.

19.    At the time of his death, plaintiff's decedent was in good health and physical condition.

20.    Upon information and belief, the defendants, CHARTER, NATIONAL GRID, EUSTIS CABLE, MOORE FIBER, ROBERT EWEL, JR. and CAROL EWEL, affirmatively created the dangerous and defective condition described herein.

5

21.    This action falls within one or more of the exceptions set forth in CPLR § 1602.

22.    Upon information and belief, the amount of damages sought herein by the plaintiff's decedent, JAMES R. FOGG, against the defendants, CHARTER, NATIONAL GRID, EUSTIS CABLE, MOORE FIBER, ROBERT EWEL, JR. and CAROL EWEL, shall exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION, AGAINST DEFENDANTS, ABOVE NAMED, THE PLAINTIFF, BRITTIANY TAYLOR STARR SPURGEON, ALLEGES:**

23.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "22" of this Complaint with the same force and effect as if fully set forth herein.

24.    Upon information and belief, the defendants, CHARTER, NATIONAL GRID, EUSTIS CABLE, MOORE FIBER, ROBERT EWEL, JR. and CAROL EWEL, by their agents, servants and/or employees, as owners of the subject work site and/or utility poles and cable lines and/or as general contractors at the work site, violated the Labor Law of the State of New York, the Industrial Code of the State of New York, and the Federal Occupational Safety and Health Act, and the regulations and standards promulgated thereunder, and all other applicable provisions, statutory laws, regulations and rules, both of the State of New York

6

and the United States, thereby rendering the defendants statutorily and absolutely liable to the plaintiff's decedent.

25.      As a result of the foregoing, the plaintiff's decedent, JAMES R. FOGG, has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION, AGAINST DEFENDANTS, ROBERT EWEL, JR. AND CAROL EWEL, THE PLAINTIFF, BRITTIANY TAYLOR STARR SPURGEON, ALLEGES:

26.      Repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "25" of this Complaint with the same force and effect as if fully set forth herein.

27.      Upon information and belief, at all times herein mentioned, the defendants, ROBERT EWEL, JR. and CAROL EWEL, were the owners of certain premises located at 3917 Block Road within the Town of Yorkshire, County of Cattaraugus and State of New York.

28.      Upon information and belief, at all times herein mentioned, the defendants, ROBERT EWEL, JR. and CAROL EWEL, operated the aforesaid premises.

29.      Upon information and belief, at all times herein mentioned, the defendants, ROBERT EWEL, JR. and CAROL EWEL, maintained the aforesaid premises.

7

30. Upon information and belief, at all times herein mentioned, the defendants, ROBERT EWEL, JR. and CAROL EWEL, managed the aforesaid premises.

31. Upon information and belief, at all times herein mentioned, the defendants, ROBERT EWEL, JR. and CAROL EWEL, controlled the aforesaid premises.

32. Upon information and belief, on or about the 11th day of July, 2018, the decedent, JAMES R. FOGG, while working on utility poles at the aforesaid premises, was caused to sustain serious injuries which ultimately led to his death.

33. Upon information and belief, the incident hereinbefore described and the resultant injuries were caused as a result of the negligent, careless, reckless and/or unlawful conduct on the part of the defendants, ROBERT EWEL, JR. and CAROL EWEL, in the ownership, operation, maintenance, management and control of the aforesaid premises, and, among other things, said negligence of the defendants was exhibited in defendants allowing and permitting activities to be performed at the aforesaid premises in an unsafe, dangerous, hazardous and defective manner.

34. Upon information and belief, the aforesaid dangerous and hazardous conditions existed for a sufficient length of time to give both actual and constructive notice to the defendants, including notice by reasonable inspection.

8

35.     As a result of the alleged incident, the decedent, JAMES R. FOGG, sustained bodily injuries as hereinbefore more fully set forth.

36.     As a result of the foregoing, the plaintiff's decedent, JAMES R. FOGG, has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A FOURTH CAUSE OF ACTION, AGAINST DEFENDANTS, ABOVE NAMED, THE PLAINTIFF, BRITTIANY TAYLOR STARR SPURGEON, ALLEGES:**

37.     Repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "36" of this Complaint with the same force and effect as if fully set forth herein.

38.     Decedent left surviving his children.

39.     The decedent's next of kin were dependent upon decedent for support, maintenance, nurture, comfort, advice, aid and society, which they are now deprived of as a result of the aforesaid incident.

40.     As a result of the aforesaid incident, medical, funeral and burial expenses have been incurred.

41.     By reason of decedent's death caused by the negligence of the defendants as aforesaid, his distributees have been damaged, and the amount of damages sought herein by the plaintiff on behalf of the said distributees shall

9

exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, the plaintiff demands judgment against the defendants, either jointly or severally, in the First, Second, Third and Fourth Causes of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and for such other, further or different relief as the Court may deem just and proper, together with the costs and disbursements of the action.

DATED:  Buffalo, New York
          March      , 2019

LIPSITZ GREEN SCIME CAMBRIA LLP


By: _____
      JAMES T. SCIME, ESQ.
Attorneys for Plaintiff
Office and P.O. Address
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
(716) 849-1333
[JTS : #64803.0001]

10