UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRITTANY TAYLOR STARR SPURGEON, as Administrator of the Estate of JAMES R. FOGG,<br><br>    Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC., a/k/a SPECTRUM, NATIONAL GRID USA SERVICE COMPANY, INC., EUSTIS CABLE ENTERPRISES LTD, MOORE FIBER SOLUTIONS, LLP, ROBERT EWEL, JR., and CAROL EWEL,<br><br>    Defendants. | Case No. 1:19-cv-00560 |

**ENTRY ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND**
(Doc. 9)

Plaintiff Brittany Taylor Starr Spurgeon, the administrator of the estate of James R. Fogg, brings this action against Charter Communications, Inc., a/k/a Spectrum, ("Charter"); National Grid USA Service Company ("National Grid"); Eustis Cable Enterprises LTD ("Eustis Cable"); Moore Fiber Solutions, LLP ("Moore Fiber"); Robert Ewel, Jr.; and Carol Ewel (collectively, "Defendants") seeking damages resulting from "negligence, carelessness, recklessness and unlawful conduct" that allegedly caused Mr. Fogg's death on July 11, 2018. (Doc. 1-1 at 8, ¶ 17.) On April 30, 2019, Defendant Moore Fiber removed the action from the Supreme Court of the County of Erie of the State of New York to this court. Pending before the court is Plaintiff's May 28, 2019 motion for remand. (Doc. 9.) Defendant Moore Fiber responded in opposition on June 6, 2019. After Plaintiff replied on June 13, 2019, the court took the pending motion under advisement.

James T. Scime, Esq., and Melissa Dorothy Wischerath, Esq., represent Plaintiff. Brett Richard Corson, Esq., and Nelson E. Canter, Esq., represent Defendant Moore Fiber.

## I. Factual Background.

The Complaint alleges that National Grid was the owner of certain utility pole facilities located on Block Road in Yorkshire, New York. Charter, Eustis Cable, and Moore Fiber were general contractors "engaged in running cable television lines" on these utility poles. (Doc. 1-1 at 7, ¶¶ 13-15.) Robert Ewel, Jr. and Carol Ewel were the owners of the premises located at 3917 Block Road, Yorkshire, New York. On or about July 11, 2018, Mr. Fogg came into contact with a primary electric line located at 3917 Block Road in the course of his employment as a lineman, causing him to be shocked with high voltage and leading to his death on that same day. Plaintiff alleges that Mr. Fogg's death was caused by Defendants' negligence.

## II. Conclusions of Law and Analysis.

Defendant Moore Fiber argues that this court may exercise diversity jurisdiction over this case because: "all parties are residents of different states, and the amount in controversy is greater than $75,000." (Doc. 1 at 2, ¶ 10.) It asserts that Plaintiff is a resident of the State of Utah, noting that the Complaint lists her address as 570 South 640 West, Cedar City, Utah. Plaintiff counters that because she was appointed as the administrator of the estate of Mr. Fogg in Erie County, New York, she is a citizen of New York. The State of New York's "Certificate of Appointment of Administrator" indicates that Mr. Fogg was domiciled in Erie County, New York prior to his death. (Doc. 9-3 at 1.)

Section 1332 of Title 28 of the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States; [and] (2) citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original

2

jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Defendant Moore Fiber "bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (internal quotation marks omitted); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) (stating that the burden of establishing federal subject matter jurisdiction "remains on the party asserting it."). "Diversity jurisdiction . . . is proper only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 217-18 (2d Cir. 2016) (internal quotation marks omitted). A natural person's citizenship is determined by the person's domicile, which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks omitted) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]" 28 U.S.C. § 1332(c)(2).

Mr. Fogg was domiciled in Erie County, New York. Although Plaintiff's address is in Cedar City, Utah, because she is suing in her capacity as administrator of Mr. Fogg's estate, she is deemed to be a citizen of New York under 28 U.S.C. § 1332(c)(2). Defendants Robert Ewel, Jr. and Carol Ewel are also citizens of New York. Because Plaintiff and two of the Defendants are citizens of the same state, the court lacks subject matter jurisdiction to adjudicate this case.[1]

---

[1] As the court lacks subject matter jurisdiction, it does not consider Plaintiff's alternative argument that remand is required because Defendant Moore Fiber failed to expressly state that all co-defendants consented to removal. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("Without jurisdiction the court cannot proceed at all in any cause[.]") (citation omitted).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for remand is GRANTED. (Doc. 9.) The case is hereby REMANDED to the Supreme Court of the County of Erie of the State of New York for further proceedings.

SO ORDERED.

Dated at Burlington, Vermont, this 6th day of August, 2019.

                                                   Christina Reiss, District Judge
                                                   United States District Court